```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| TRACY DEWAYNE PITTMAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 16-424-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Inmate Tracy DeWayne Pittman is confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Pittman has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]

Pittman has also filed a motion to proceed *in forma pauperis*. [R. 2] However, the financial information provided by Pittman indicates that an average of more than $300.00 has been deposited into his inmate account each month over the last six months [R. 3], and Pittman has already filed a request with prison staff to arrange to pay the five dollar filing fee out of funds in his inmate account. [R. 4] The Court will therefore deny his motion to proceed *in forma pauperis*. Pittman must therefore ensure that the five dollar filing fee is paid to the Court within twenty-eight days.

1

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Pittman's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In November 2010, a federal grand jury in Knoxville, Tennessee issued an indictment charging Pittman with two counts of distributing crack cocaine in amounts totaling more than fifty grams. The government filed a notice pursuant to 21 U.S.C. § 851 in February 2011 indicating that Pittman potentially faced a longer prison sentence for the offenses charged because of felonies he had committed previously.

One month later Pittman signed a written plea agreement to plead guilty to the second, more serious, count in exchange for the dismissal of the first count. As part of that agreement,

Pittman expressly and voluntarily "waive[d] [his] right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction(s) and/or resulting sentence" except in cases "of ineffective assistance of counsel or prosecutorial misconduct not known to [Petitioner] by the time of the entry of judgment."

Because of his status as a career offender under § 4B1.1 of the Sentencing Guidelines and the § 851 enhancement, Pittman faced a statutory mandatory minimum of life imprisonment. However, the government moved for a downward departure in light of his substantial assistance, and on March 12, 2012, the trial court sentenced Pittman to a 228-month term of incarceration. Pittman did not appeal.

On May 10, 2013, Pittman filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on numerous grounds, including the Supreme Court's determination in *Dorsey v. United States*, __ U.S. __, 132 S. Ct. 2321 (2012) that the provisions of the Fair Sentencing Act are retroactively applicable to defendants sentenced after the effective date of the Act. While that motion remained pending, Pittman filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c).

Following the appointment of counsel for Pittman and further briefing, on June 2, 2016, the trial court granted relief under

3

the FSA and *Dorsey* and reduced Pittman's sentence to 168 months imprisonment, denied his remaining claims for relief under § 2255 as untimely, and denied his § 3582(c) motion because "by granting Petitioner's *Dorsey* claim, the Court has afforded the same relief ..." In October 2016, Pittman filed another § 3582(c) motion seeking a further reduction in his sentence, which remains pending. *United States v. Pittman*, No. 3: 10-CR-154-TAV-HBG-2 (E.D. Tenn. 2010) [R. 1, 24, 27, 51, 54, 59, 72, 74 therein].

Broadly construing the habeas corpus petition Pittman filed in this Court, he implies that application of the § 4B1.1(a) career offender enhancement to his sentence was improper because Tenn. Code 39-17-417(4)(b)(1),[1] the statute defining the offense of possession of a controlled substance with intent to distribute and under which Pittman was twice convicted, is an "indivisible statute" defining only a single offense. Therefore, his arguments suggest, it would have been inappropriate for the trial court to use the "modified categorical approach" or refer to any materials beyond the state indictment and judgment. Pittman cites *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013), *United States v. Mathis*, 786 F. 3d 1068 (2015), and *Hill v. Masters*, 836 F. 3d

---

[1] The statute referred to by Pittman does not exist; the Court assumes Pittman is referring to T.C.A. § 39-17-417(a)(4), which makes it an offense to "[p]ossess a controlled substance with intent to manufacture, deliver or sell the controlled substance."

4

591 (6th Cir. 2016) in support of his argument. [R. 1 at 2, 8-10; R. 1-1]

Having thoroughly reviewed the petition and the arguments offered in support of it, the Court must deny relief for several reasons. First, the waiver provision Pittman signed in his plea agreement bars him from collaterally attacking his conviction or sentence. In that agreement, Pittman expressly and unequivocally waived his right to appeal or collaterally attack his conviction or sentence save upon grounds of ineffective assistance of counsel or prosecutorial misconduct, neither of which applies here. Because a defendant is bound by the terms of his plea agreement, a waiver of appellate rights is generally enforceable, *Short v. United States*, 471 F.3d 686 (6th Cir. 2006). Such waivers are enforceable in habeas proceedings under § 2241, and preclude the assertion of the very arguments Pittman pursues here. *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Mabry v. Shartel*, No. 122637, 2015 WL 7273817, at *1 (3d Cir. Nov. 18, 2015); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011); *Peete v. United States*, No. 11-cv-2242, 2013 WL 3199834, at *1-2 (C.D. Ill. June 24, 2013) (holding that *Begay* claim asserted in § 2241 petition barred by plea agreement's waiver of right to collaterally

5

attack conviction); *Gonzalez v. Warden of MCC New York*, No. 12-Civ. 6910, 2013 WL 144956 (S.D.N.Y. Jan. 14, 2013).

Nor is the remedy available under § 2255 considered "inadequate or ineffective" where the petitioner waived his right to seek relief under that provision as part of a plea agreement. *Muse v. Daniels*, 2016 WL 1163836, at *1 (7th Cir. Feb. 24, 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013) (waiver of collateral-attack rights "in any post-conviction proceeding, including-but not limited to- any proceeding under 28 U.S.C. § 2255" foreclosed relief under § 2241); *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis.")

Second, Pittman may not pursue his claims in this proceeding because his challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause found in 28 U.S.C. § 2255(e). *United States v. Peterman*, 249 F.3d

6

458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."). This rule precludes resort to § 2241 to challenge career offender enhancements. *Cf. Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims."); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that prior conviction for burglary did not constitute a "violent felony" under *Begay* because "it is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim."). *See also Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008).

This Court has therefore rejected claims brought by § 2241 petitioners alleging that the sentencing court improperly enhanced their federal convictions based upon prior state convictions, and the Sixth Circuit has consistently approved this approach. *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012)

7

(stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (claim that sentencing court improperly enhanced conviction based upon prior state conviction is not cognizable under Section 2241).

Nothing in the Sixth Circuit's decision in *Hill* undermines this conclusion with respect to petitioners who, like Pittman, were sentenced under the Sentencing Guidelines long after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) rendered those guidelines advisory rather than mandatory. *Hill*, 836 F. 3d at 599-600 ("... we reiterate that our decision addresses only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-[*Booker*] ...").

The Court notes parenthetically that even if Pittman could bring his claim under § 2241, *Descamps* and *Mathis* do not assist him. Both the "categorical approach" and the "modified categorical approach" used to determine whether a prior state offense constitutes a valid predicate for application of the career offender enhancement are based upon Supreme Court precedent decided well before Pittman's conviction became final. *See Taylor v. United States*, 495 U.S. 575 (1990), *Shepard v. United States*,

8

544 U.S. 13 (2005). *Descamps* only clarified that resort to the modified categorical approach is not appropriate where the underlying state conviction was pursuant to an indivisible statute. *Descamps*, 133 S. Ct. at 2284-86.

While Pittman contends that T.C.A. § 39-17-417 is an indivisible statute, the Sixth Circuit had held that "we have always treated a violation of § 39-17-417 as a categorical controlled substance offense ...," *United States v. Douglas*, 563 F. App'x 371, 377 (6th Cir. 2014), warranting application of the career offender enhancement. *Mathis*, decided two years after *Douglas*, does not suggest a different outcome. The Tennessee Statute under which Pittman was twice convicted criminalizes four distinct species of drug offenses, separately criminalizing the manufacture, delivery, sale, and possession with intent to distribute a controlled substance. T.C.A. § 39-17-417(a)(1)-(4). The statute separately establishes a myriad of punishments dependent upon the quantity and type of the controlled substance involved as well as which alternative means of violating the statute is at issue. T.C.A. § 39-17-417(b)-(n). Where "statutory alternatives carry different punishments, ... they must be elements," and utilization of the modified categorical approach is permissible and appropriate. *Mathis*, 136 S. Ct. at 2249, 2256 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).

9

Accordingly, **IT IS ORDERED** that:

1. Pittman's motion to proceed *in forma pauperis* [R. 2] is **DENIED**. Payment of the five dollar filing fee must be made within twenty-eight days.

2. Petitioner Pittman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 22nd day of November, 2016.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge